**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**PARKERSBURG DIVISION**

**CHAD FLOWERS,**

               **Plaintiff,**

**v.**                              **Case No.: 6:13-cv-20946**

**MASTERCUTS, owned by Regis in
Parkersburg, West Virginia, and
MICHEAL ROSS,[1]**

               **Defendants.**

**PROPOSED FINDINGS RECOMMENDATIONS**

       Pending before the court are Defendants' Motion to Dismiss, or in the Alternative, Compel Arbitration and Defendants' Amended Motion to Dismiss, or in the Alternative, Compel Arbitration. (ECF Nos. 8, 14). This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned **FINDS** that Defendants' motions to compel arbitration should be **GRANTED** pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–16. Therefore, the undersigned respectfully **RECOMMENDS** that the complaint be **DISMISSED**, **without prejudice**, and this matter be removed from the docket of the court.

---

[1] According to Defendants, the proper parties are Regis Corporation, d/b/a MasterCuts, and Michelle Knopp f/k/a Michelle Ross.

## I.   <u>Procedural History</u>

On July 24, 2013, Plaintiff, Chad Flowers ("Flowers"), filed with this court an Application to Proceed Without Prepayment of Fees and Costs and a *pro se* Complaint, alleging that Defendants had subjected him to a hostile work environment resulting in his constructive discharge. According to Flowers, he was employed as a hair dresser at a Regis Salon in Parkersburg, West Virginia where he was repeatedly harassed by his supervisor, Michelle Ross. When he could tolerate the treatment no longer, he quit his position and filed a complaint with the EEOC. Flowers subsequently received a right to sue letter from the EEOC and filed the complaint herein.

Flowers's application was granted, and Defendants were served with the summons and complaint. On September 5, 2013, Defendants filed a motion to dismiss, or in the alternative, a motion compelling arbitration. In support of their motion, Defendants produced an arbitration agreement, which they claimed Flowers signed in April 2009 at the outset of his employment with Regis Corporation. In the arbitration agreement, both Regis Corporation and Flowers consented to arbitrate any and all claims and disputes arising out of or relating to Flowers's employment relationship with Regis Corporation, or the termination of that relationship, and expressly waived any right to bring such matters before a court. Consequently, Defendants argued that the court lacked subject matter jurisdiction over the disputed claims, and was required by the provisions of the Federal Arbitration Act to compel the parties to engage in arbitration.

On September 6, 2013, the undersigned sent Flowers a notice advising him that a motion to dismiss had been filed, and he had the right to respond to the motion. Flowers was also advised that failure to respond would support a conclusion that Defendants'

allegations were uncontested, and might result in a recommendation that the complaint be dismissed. Despite being given ample opportunity, Flowers did not file a response.

On February 20, 2014, the undersigned issued a second notice to Flowers. In this notice, Flowers was advised that the motion to dismiss or compel would be construed as a motion for summary judgment. Accordingly, under *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), Flowers was obligated to set out either in his own affidavit or sworn statement, or the affidavits or sworn statements of other witnesses, specific facts that showed that he and Defendants actually disagreed about one or more important facts present in the case. In particular, the making of the arbitration agreement and Flowers's alleged failure to comply with the agreement were essential to Defendants' motion. Therefore, in his response, Flowers was told to address, as clearly as possible, the validity of the arbitration agreement and his alleged failure to comply with the agreement.

At the same time, the undersigned ordered Defendants to supply evidentiary support for their motion to compel arbitration. Specifically, Defendants were instructed to authenticate the arbitration agreement and verify the status of Flowers's efforts to arbitrate the dispute.

Defendants provided the supplemental documentation and amended their motion to dismiss, or in the alternative, compel arbitration. However, Flowers did not submit any evidence or legal argument in support of his complaint, or in opposition to Defendants' motions.

## II.    <u>Standard of Review</u>

A motion under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction over the dispute; that is, "whether the court has the

competence or authority to hear and decide the case." *Davis v. Thompson,* 367 F.Supp.2d 792, 799 (D.Md. 2005). Once a defendant raises this challenge, plaintiff has the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction. *See Evans v. B.F. Perkins Co.,* 166 F.3d 642, 647 (4th Cir. 1999); *see also United States ex. rel. Vuyyuru v. Jadhau,* 555 F.3d 337, 347 (4th Cir. 2009). A Rule 12(b)(1) motion may be presented in one of two ways. *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982); *Wollman v. Geren,* 603 F.Supp.2d 879, 882 (E.D.Va.2009). First, the defendant may contend that the complaint is facially flawed because it "simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams,* 697 F.2d at 1219. When presented with this contention, the court assumes that the factual allegations in the complaint are true and affords plaintiff the same procedural protections he would receive under Federal Rule of Civil Procedure 12(b)(6). *Id.*

Second, the movant may claim that the complaint is factually flawed. In other words, that the jurisdictional allegations in the complaint are untrue. *Adams,* 697 F.2d at 1219. A motion arguing that the court lacks subject matter jurisdiction due to the existence of an arbitration agreement is a factual challenge to jurisdiction because "it asserts that ... an extrinsic document ... deprives the court of its power to adjudicate the [disputed] claims."[2] *Bell v. Atl. Trucking Co.,* No. 3:09–cv–406–J–32MCR, 2009 WL 4730564, at *3 (M.D. Fla. Dec. 7, 2009). When confronted with a factual challenge, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns v. United States,* 585 F.3d 187, 192 (4th Cir. 2009). The court "is to

---

[2] The undersigned notes that courts in this circuit have differed on whether motions to dismiss premised on arbitration agreements should be made under Rule 12(b)(1) or Rule 12(b)(6). *See Lomax v. Weinstock, Friedman & Friedman, P.A,* Civil No. CCB–13–1442, 2014 WL 176779, at *2 (D.Md. Jan. 15, 2012) ("Courts have found it proper to dismiss claims subject to arbitration agreements under both Rule 12(b)(1) and Rule 12(b)(6)").

regard the pleadings as mere evidence on the issue, and may consider evidence outside of the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams,* 697 F.2d at 1219). However, the court should apply the summary judgment standard, "under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Id.* The defendant should prevail on the motion to dismiss "only if the material jurisdictional facts are not in dispute," and the defendant is entitled to dismissal as a matter of law.[3] *Johnson v. North Carolina,* 905 F.Supp.2d 712, 719 (W.D.N.C. 2012) (citing *Adams,* 697 F.2d at 1219).

"[M]otions to compel arbitration exist in the netherworld between a motion to dismiss and a motion for summary judgment." *Shaffer v. ACS Government Services, Inc.,* 321 F.Supp.2d 682, 683 (D.Md. 2004). "Whether the motion should be treated as a motion to dismiss or a motion for summary judgment turns on whether the court must consider documents outside the pleadings." *PC Constr. Co. v. City of Salisbury,* 871 F.Supp.2d 475, 477 (D.Md. 2012). Moreover, in the context of motions to compel brought under the Federal Arbitration Act, courts have applied a standard similar to that used to resolve motions for summary judgment. *Erichsen v. RBC Capital Markets, LLC,* 883 F.Supp2d 562, 566 (E.D.N.C. 2012) (citing *Minter v. Freeway Food, Inc.,*

[3] Defendants point out in their amended motion that the court may consider evidence outside of the pleadings under Rule 12(b)(1) without converting the motion to one for summary judgment. While the undersigned is well aware of this principle, the motion to dismiss, or to compel arbitration, was construed as a motion for summary judgment for the purposes of issuing a *Roseboro* notice and for the collection of evidence for two reasons. First, Plaintiff is proceeding *pro se.* Given that Defendants' motion to dismiss is judged under standards applicable to a motion for summary judgment, the undersigned is required to provide Plaintiff with notice of his *obligation* (rather than his right) to file affidavits or other evidence in opposition to the motion to dismiss. Second, Plaintiff did not reference the arbitration agreement, attach it to the complaint, or verify its existence in any manner. Accordingly, the undersigned must also consider documents outside of the pleadings to resolve the motion to compel arbitration.

2004 WL 735047 at *2 (M.D.N.C. Apr. 2, 2004) (collecting cases from the Second, Third, Seventh, and District of Columbia circuits)). Thus, the party moving to compel arbitration has the initial burden of demonstrating that there are no genuine issues of material fact that prevent the court from enforcing the arbitration agreement. Once that has been accomplished, the nonmoving party must come forward with a specific showing that a genuine issue of material fact exists for trial. A fact is material if it "might affect the outcome of the suit under the governing law," and a disputed issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### III.   <u>Discussion</u>

"The Federal Arbitration Act ("FAA"), 9 U.S.C. § § 1–16, governs the rights and responsibilities of the parties with respect to an arbitration agreement." *Forrester v. Penn Lyon Homes, Inc.,* 553 F.3d 340, 342 (4th Cir. 2009). Under the FAA, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court ... for an order directing that such arbitration proceed in the manner provided for in such agreement ... and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

In the Fourth Circuit, to obtain an order compelling arbitration under the FAA, the petitioning party must show: "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provisions which purports to cover

the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." *Adkins v. Labor Ready, Inc.,* 303 F.3d 496, 500-01 (4th Cir. 2002) (quoting *Whiteside, v. Teltech Corp.,* 940 F.2d 99, 102 (4th Cir. 1991)). The FAA "reflects 'a liberal federal policy favoring arbitration agreements.'" *Adkins,* 303 F.3d at 500 (quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). Therefore, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 24-25. With this framework in mind, the undersigned **FINDS** that Defendants have demonstrated the four elements necessary to support an order compelling arbitration.

First, a dispute clearly exists between the parties. Flowers filed an EEOC complaint against Defendants, for which he received no relief. He then filed the instant civil action alleging harassment at work and constructive discharge by Defendants related to a hostile work environment. *See Canyon Sudar Partners, LLC v. Cole ex rel. Haynie,* No. 3:10-cv-1001, 2011 WL 1233320, at *11 (S.D.W.Va. Mar. 29, 2011). Defendants confirm that Flowers's claims have not been resolved, and the civil action remains pending. Accordingly, the first element is established.

Second, Defendants have produced with their motion a written document entitled "Arbitration Agreement," which is dated April 24, 2009 and is purportedly signed by Flowers. (ECF No. 14-1 at 5). By Affidavit of Kathrine M. Merrill, Vice President of Regis Corporation, Defendants verify that the Arbitration Agreement is a

true and accurate copy of an original agreement that was signed by Plaintiff, Chad Flowers, on April 24, 2009, and that this Arbitration Agreement was in effect throughout the entirety of Flowers's employment with the Regis Salon in Parkersburg. (ECF No. 14-1 at 6-7). The agreement states, *inter alia*, that in consideration of his employment by Regis Corporation and Regis Corporation's reciprocal agreement to arbitrate, Flowers agreed that:

> all claims and disputes arising out of or relating to [his] employment relationship with the company or the termination of that relationship, including the making or interpretation of this Arbitration Agreement ... shall be decided by binding arbitration in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ... The matters subject to this Arbitration Agreement include, without limitation, all claims and disputes between the company and [Flowers] arising out of federal, state, or local statutes, ordinances or regulations ... [except] for workers compensation or reemployment/unemployment compensation benefits.

(ECF No. 14-1 at 5).

When evaluating whether this agreement satisfies the second element necessary to sustain a motion to compel arbitration, the court applies state-law principles "'concerning the validity, revocability, or enforceability of contracts generally.'" *Hill v. Peoplesoft USA, Inc.,* 412 F.3d 540, 543 (4th Cir. 2005) (quoting *Perry v. Thomas,* 482 U.S. 483, 493 n. 9, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987)). Defendants claim that the Arbitration Agreement is a valid contract under West Virginia law because it is bilateral, supported by mutual consideration and assent, and was entered into by competent individuals. In addition, Defendants emphasize that West Virginia law "creates a presumption of validity for arbitration agreements, and places the burden of challenging that presumption on the party seeking to avoid arbitration." *Taylor v. Capital One Bank (USA), N.A.,* Case No. 5:09-cv-00576, 2010 WL 520497, at *2 (S.D.W.Va. Feb. 10, 2010)

(quoting *State ex rel. Clites v. Clawges,* 224 W.Va. 299, 685 S.E.2d 693, 700 (2009) ("It is presumed that an arbitration provision in a written contract was bargained for and that arbitration was intended to be the exclusive means of resolving disputes arising under the contract"). Finally, Defendants argue that the agreement plainly covers the claims asserted given that it applies to virtually any claim, right, or cause of action arising out of Flowers's employment with Regis Corporation.

In light of Flowers's failure to respond to Defendants' motion, the undersigned finds that no genuine issue of material fact exists regarding the agreement's validity. Similarly, the undersigned finds that Flowers's claims of harassment and hostile work environment fall squarely within the scope of the Arbitration Agreement. Consequently, Defendants have established the second element.

As for the third element, the transaction covered by the Arbitration Agreement affected interstate commerce in that it involved the employment of Flowers, an Ohio resident, by Regis, a Minnesota corporation, to provide services at a salon located in Parkersburg, West Virginia. "The FAA has an expansive reach, similar to that of the Commerce Clause, such that an arbitration clause merely 'affecting' interstate commerce would be covered by the statute." *THI of S.C. at Columbia v. Wiggins,* No. 11–888, 2011 WL 4089435, at *1 n. 3 (D.S.C. Sept.13, 2011) (citing *Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 273-74, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995)). In the context of employment and service agreements, the phrase "affecting interstate commerce" has been interpreted broadly in light of strong federal and state policy favoring arbitration. *See, e.g. Dan Ryan Builders, Inc. v. Ryan,* Case No. 3:10-cv-76, 2014 WL 496775, at *8 (N.D.W.Va. Feb. 6, 2014) (Agreement with Maryland company to construct a home in West Virginia using products shipped through channels of

9

interstate commerce met FAA "affecting interstate commerce" requirement); *Ivey v. D.R. Horton, Inc.,* Case No. 3:08-cv-598-CMC, 2008 WL 2717863, at *2 (D.S.C. Jul. 10, 2008) (Employer that operates in 27 states and uses materials and labor "on an interstate basis" satisfies interstate commerce requirement); *McCollum v. Tenet Healthcare Corp.,* Case No. 06-1934-JFA-BM, 2006 WL 3373096, at *4 (D.S.C. Nov. 20, 2006) (Plaintiff was paid by out-of-state company, contracted with out-of-state defendant, treated out-of-state patients, and used out-of-state products thus involving interstate commerce); *Hendrick v. Brown & Root, Inc.,* 50 F.Supp.2d 527, 532 n.6 (D.Va. 1999) (Work performed for a Texas-based company at a Virginia facility involved interstate commerce even though employee never traversed state lines). Although diversity of citizenship alone is insufficient to establish the nature of a transaction for purposes of determining the applicability of the FAA, *Rota-McLarty v. Santander Consumer USA, Inc.,* 700 F.3d 690, 697 (4th Cir. 2012), in this case, Flowers contracted with a Minnesota corporation to provide services in West Virginia, using products supplied by Regis Corporation that were likely shipped through interstate commerce, on customers presumably coming from both Ohio and West Virginia. Therefore, the undersigned finds that Defendants established the third element. Certainly, Flowers makes no challenge to the interstate nature of his transactions with Defendants and provides no evidence to the contrary.

For the fourth and final element, Defendants must show the failure, neglect or refusal of Flowers to arbitrate the dispute. As set forth in the Affidavit of Ms. Merrill, Flowers has not complied with the requirements of the Arbitration Agreement, and no arbitration proceeding has commenced. (ECF No. 14-1 at 6-7). Flowers does not contest this representation of fact by Defendants. Although Flowers has had ample opportunity

to dispute Defendants' contentions, he has failed to demonstrate any genuine issue of material fact that would preclude the court from granting Defendants' motion to compel.

Having concluded that Defendants are entitled to an order under the FAA compelling arbitration, the undersigned next considers Defendants' motion to dismiss the complaint. Courts disagree on whether the FAA requires an action to be stayed pending arbitration, or whether the court may choose to dismiss it.[4] Here, the conclusion in *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.,* allowing dismissal, seems appropriate. *Id.,* 252 F.3d 707, 709–10 (4th Cir. 2001). The Arbitration Agreement clearly applies to all of the issues raised by Flowers. Furthermore, there is nothing unusual, onerous, or one-sided about the terms of the agreement. Lastly, Flowers shows no sincere interest in pursuing this civil action. Since filing the handwritten complaint and *in forma pauperis* application in July 2013, Flowers has not taken a single step to prosecute his claims. Despite being notified on two separate occasions that his civil action might be dismissed if he failed to respond

---

[4] The Fourth Circuit recently commented on this ambiguity, noting:

> [t]here may be some tension between our decision in *Hooters*—indicating that a stay is required when the arbitration agreement "covers the matter in dispute"—and *Choice Hotels*—sanctioning dismissal "when all of the issues presented ... are arbitrable." Our sister circuits are divided on whether a district court has discretion to dismiss rather than stay an action subject to arbitration. *Compare Cont'l Cas. Co. v. Am. Nat'l Ins. Co.,* 417 F.3d 727, 732 n. 7 (7th Cir.2005) ("[T]he proper course of action when a party seeks to invoke an arbitration clause is to *stay* the proceedings pending arbitration rather than to dismiss outright."), *with Alford v. Dean Witter Reynolds, Inc.,* 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration.")

*Aggarao v. MOL Ship Mgmt. Co.,* 675 F.3d 355, 376 n. 18 (4th Cir. 2012) (quoting *Hooters, Inc. v. Phillips,* 173 F.3d 933 (4th Cir. 1999); *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.,* 252 F.3d 707, 709–10 (4th Cir. 2001)).

However, the Court added, "We need not resolve this disagreement because, even under *Choice Hotels,* dismissal is not appropriate where, as here, the issues are not all subject to arbitration." *Id.* Accordingly, the correct course remains uncertain.

to Defendants' motions to dismiss, Flowers chose not to raise any challenges to arbitration or dismissal. Consequently, the undersigned **FINDS** that staying the action would serve no useful purpose, and dismissal is proper under the circumstances.

### IV.  <u>Proposal and Recommendation</u>

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the United States District Judge accept and adopt the findings herein and **RECOMMENDS** as follows**:**

1.      Defendants' Motion to Compel Arbitration and Amended Motion to Compel Arbitration, (ECF Nos. 8, 14), be **GRANTED**;

2.      Defendants' Motion to Dismiss and Amended Motion to Dismiss, (ECF Nos. 8, 14), be **GRANTED;**

3.      Plaintiff's complaint (ECF No. 2) be **DISMISSED,** without prejudice, and this action be removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Goodwin and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, counsel of record, and any unrepresented party.

**FILED:** May 2, 2014

Cheryl A. Eifert
United States Magistrate Judge

13